**Jason STONE, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant–Appellee.**

No. 07–35028.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Dec. 10, 2008.

Rex Q. Smith, Esquire, Lake Oswego, OR, for Plaintiff–Appellant.

David M. Blume, Assistant Regional Counsel, Michael McGaughran, Esquire, David Robert Johnson, Assistant Regional Counsel, SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER,* District Judge.

### MEMORANDUM **

Jason Stone appeals the district court's affirmance of the Commisioner's denial of his application for disability benefits. We have jurisdiction pursuant to 42 U.S.C. § 405(g), and we affirm the denial of benefits.

We review the district court's decision *de novo. Bayliss v. Barnhart,* 427 F.3d 1211, 1214 n. 1 (9th Cir.2005). The stan-

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

dard of review for the ALJ's decision is whether it was supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ Stone argues that the ALJ erred by accepting the opinions of a consulting psychologist, Dr. Patrick, instead of the opinions of Stone's treating doctor, Dr. Redfern. However, the record reflects that the ALJ in fact accepted nearly all of Dr. Redfern's opinions. For instance, despite some evidence to the contrary, the ALJ accepted Dr. Redfern's opinion regarding Stone's fibromyalgia. Moreover, partial reliance on Dr. Patrick's opinions was proper given the fact that many of the doctors who examined Stone, including Dr. Redfern himself, observed that Stone's symptoms were likely related to psychological issues. To the extent that the ALJ did disregard Dr. Redfern's opinions regarding the extent of Stone's disability, he did so based on specific and legitimate reasons, including the reports of various examining doctors, the lack of medical evidence supporting such opinions, and inconsistencies exhibited in Dr. Redfern's files. *Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1996).

■ Stone also argues that the ALJ failed to address his claim that the fatigue caused by his severe disabilities would prevent him from maintaining employment. However, Stone has not directed this court to any medical evidence in the file supporting this argument. To the extent that the argument is based on Stone's own testimony, the ALJ's decision to discount that testimony was justified. Since Stone's testimony indicated further symptoms than those supported by objective evidence, the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ALJ considered whether that testimony was credible. *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir.1989). The ALJ properly noted that Stone's testimony was contradictory and therefore not credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.2001).

 Finally, Stone argues that denial of benefits is unfair if Stone's treating physician committed malpractice by prescribing pain medications that undermined Stone's ability to work. However, Stone points to no specific legal basis for this claim, nor is there any finding in the record that Dr. Redfern committed malpractice. While a previous ALJ suggested at a hearing that he believed Dr. Redfern had indeed committed malpractice, that ALJ immediately recused himself, and the comment had no influence on later proceedings.

**AFFIRMED.**

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.